IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Sylvester K. King, | ) | C.A. No. 8:22-04636-HMH-JDA |
|               Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| | ) | |
| Warden John Palmer, | ) | |
| | ) | |
|               Respondent. | ) | |

This matter is before the court on the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1]  Sylvester K. King ("King") is a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  In her Report and Recommendation, Magistrate Judge Austin recommends granting Respondent's motion for summary judgment and denying King's petition.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

King is currently incarcerated in a South Carolina Department of Corrections facility. On August 19, 2014, King was indicted for murder and possession of a weapon during the commission of a violent crime.  (Ret. Ex. 3 (App'x 579), ECF No. 18-3.)  After a jury trial, King was found guilty on December 2, 2015.  (Id. Ex. 2 (App'x 418), ECF No. 18-2.)  King

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

was sentenced to life imprisonment for murder and five years' imprisonment for possession of a weapon during the commission of a violent crime. (Id. Ex. 2 (App'x 423), ECF No. 18-2.)

King appealed his convictions. (Id. Ex. 4 (Direct Appeal Brief), ECF No. 28-4.) The South Carolina Court of Appeals affirmed King's convictions on May 9, 2018. State v. King, Appellate Case No. 2015-002541, 2018 WL 2129506, at *2 (S.C. Ct. App. May 9, 2018) (unpublished). On May 24, 2018, King, proceeding pro se, filed an application for post-conviction relief ("PCR"), raising the following grounds for relief:

> 10(A) Ineffective assistance of counsel for failure to discharge his duty of due diligence to investigate the evidence, facts, and witness(es) in the case.
>
> (B) Ineffective assistance of counsel for failure to provide a proper defense for p[h]ysical evidence in the case.
>
> (C) Ineffective assistance of counsel for his abando[n]ment of his client during trial.
>
> 11(A)(1) Counsel failed to properly and fully investigate the case.
>
> (2) Counsel failed to properly and fully prepa[re] Petitioner for testimony in the case.
>
> (3) Counsel failed to adequately investigate the alleged crime scene or the allegations so as to be prepa[red] to present testimony through direct and cross-examination of relevant evidence related to the matter.
>
> (4) Counsel failed to interview or call as a witness a number of people who would have relevant information in this matter.
>
> (5) Counsel failed to request a preliminary hearing so Petitioner could more adequately be informed about [the] case.
>
> (6) Counsel failed to spend adequate time with Petitioner reviewing discovery with him.
>
> (7) Counsel failed to challenge the testimony of the State's witness(es) and failed to adequately object and preserve objections to portions of the witness(es)[']

2

> testimony, and failed to effectively cross-examine the witness(es) on their testimony.
>
> (8) Counsel failed to move for a pretrial motion for a Directed Verdict.
>
> (9) Counsel failed to move for a Directed Verdict at the end of the State's case, or at the end of the entire case.
>
> (10) Counsel failed to move for a pretrial motion to suppress the evidence from the case.
>
> (11) Counsel failed to challenge or move to quash the indictment before the jury is sworn, that indictment is not sufficient.
>
> (12) Counsel failed to provide a valid defense for trial.
>
> (13) Counsel failed to request a [c]ompetency hearing to evaluate the Petitioner, and see if he was incompetent at the time of his trial.
>
> (14) Counsel failed to move for a fast and Speedy trial. Petitioner lost certain witness(es) that could [have] testified on his behalf, pursuant to the 21 month delay for trial.
>
> (15) Counsel failed to object to the State's hearsay, and circumstantial evidence being admitted at trial.

(Ret. Ex. 2 (App'x 431-32), ECF No. 18-2.)

On October 23, 2018, King, through counsel, supplemented his application and asserted that trial counsel was ineffective for:

> (1) failing to make a hearsay objection to Investigator Shawnee Peoples['] statement, "I was advised that that day he called into work and he told his job that he was the victim of a home invasion where he was injured";
>
> (2) failing to request jury voir dire as to whether any of the jurors had been victims of a violent attack;
>
> (3) failing to object to witness Raquan Lewers['] testimony that he believed his mom was trying to get away from [Petitioner];

3

>(4) failing to point out that at the time of the stabbing [Petitioner] and the victim had been separated for four years, not the year or two witness Raquan Lewers said;
>
>(5) failing to fully investigate and clarify for the jury whose phones were found at the scene and used to call 911, DNA evidence, and shoe print evidence;
>
>(6) advising [Petitioner] not to testify; and
>
>(7) failing to secure or advise [Petitioner] of a plea offer.

(Id. Ex. 2 (App'x 473-74), ECF No. 18-2.) King "also allege[d] a Due Process violation based on his failure to get a fair trial by an impartial jury." (Id. Ex. 2 (App'x 474), ECF No. 18-2.)

An evidentiary hearing was held on October 24, 2018. (Id. Ex. 2 (App'x 476), ECF No. 18-2.) King's counsel raised an additional ground for relief at the hearing, alleging that trial counsel was ineffective for failing to object to one of the jury instructions. (Id. Ex. 2 (App'x 480), ECF No. 18-2.) On November 5, 2018, the PCR court denied King's PCR application and denied his motion to alter or amend judgment on December 11, 2018. (Ret. Ex. 3 (App'x 574, 577-78), ECF No. 18-3.) King filed a petition for writ of certiorari on August 9, 2019, raising one issue: "[w]hether the PCR court erred by ruling defense counsel had no duty to object to the improper jury charge that the jury abides by its oath when it returns a verdict that 'speaks the truth.'" (Id. Ex. 7 (Pet. Writ of Certiorari 3), ECF No. 18-7.) On November 2, 2021, the South Carolina Court of Appeals denied King's petition for certiorari. (Id. Ex. 10 (Nov. 2, 2021, Order), ECF No. 18-10.)

4

King, acting pro se, filed the instant § 2254 petition on December 19, 2022,[2] raising the following claims:

> **Ground One**: Trial counsel was ineffective for knowingly and intentionally striking two jurors because they were African American, resulting in the selection of an all-white jury. The trial court violated King's Fifth, Sixth, and Fourteenth Amendment rights by allowing the strikes without holding a Batson hearing and allowing the selection of an all-white jury.
>
> **Ground Two**: King's Fifth and Fourteenth Amendment rights were violated because the prosecution failed to prove each element of its case beyond a reasonable doubt.
>
> **Ground Three**: King's Fifth and Fourteenth Amendments rights were violated because the prosecutor shifted the burden to him to prove his innocence by stating during closing argument, "On behalf of the people of Greenville County, strike him down. He's guilty."
>
> **Ground Four**: King's Fifth and Fourteenth Amendment rights were violated when the prosecution improperly speculated that the decedent was killed within seconds of receiving a stab wound, improperly opined on how long it took King to leave the scene, and improperly told the jury that King did not testify because he knew he was guilty.
>
> **Ground Five**: King's Sixth and Fourteenth Amendment rights were violated because he was deprived of his right to confront the witnesses against him when the State presented DNA evidence but did not call the technician who conducted the testing as a witness.
>
> **Ground Six**: King's Due Process and Equal Protection rights were violated when the State's DNA expert testified about DNA evidence, but the jury was never presented with any DNA records that the State used against King.
>
> **Ground Seven**: King's Sixth and Fourteenth Amendments rights were violated because his PCR counsel intentionally failed to raise Grounds One through Six during his PCR action.

(§ 2254 Petition, ECF No. 1.)

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

On May 4, 2023, Respondent filed a motion for summary judgment. (Resp't Mot. Summ. J., ECF No. 19.) King responded to the motion for summary judgment on May 30, 2023. (Resp. Opp'n, ECF No. 22.) On October 16, 2023, Magistrate Judge Austin issued a Report and Recommendation recommending granting Respondent's motion for summary judgment and denying King's petition. King timely filed objections on October 27, 2023. This matter is now ripe for consideration.

## II. Legal Standards

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an

otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks omitted and emphasis in original).

### B. Review of a § 2254 Petition

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner whose claim has been "adjudicated on the merits" in state court cannot obtain federal habeas relief unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state-court decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." Bell v. Cone, 535 U.S. 685, 694 (2002). Stated another way, the petitioner must show that the decision was "diametrically different, opposite in character or nature, or mutually opposed" to a prior Supreme Court decision. Williams v. Taylor, 529 U.S. 362, 405 (2000) (internal quotation marks omitted).

A state-court decision involves "unreasonable application" of clearly established federal law when "the state court correctly identifies the governing legal principle . . . but unreasonably applies it to the facts of the [petitioner's] case." Bell, 535 U.S. at 694. A reviewing federal court cannot grant habeas relief simply because it "concludes in its independent judgment that

7

the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 411. Thus, if "fairminded jurists could disagree on the correctness of the state court's decision," relief is precluded under the AEDPA. Harrington v. Richter, 562 U.S. 86, 101 (2011) (internal quotation marks omitted).

Finally, for a state court's factual determination to be unreasonable, "it must be more than merely incorrect or erroneous" – it must be "sufficiently against the weight of the evidence that it is objectively unreasonable." Williams v. Stirling, 914 F.3d 302, 312 (4th Cir. 2019). The AEDPA instructs that the state court's factual determinations are "presumed to be correct" and may be overturned only by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### C. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. For ineffective-assistance-of-counsel claims, the "clearly established Federal law" is Strickland v. Washington, 466 U.S. 668 (1984). To prevail under Strickland, a petitioner must show (1) that his counsel's performance was deficient and (2) that he was prejudiced as a result. Id. at 687.

"The performance prong of Strickland requires a defendant to show 'that counsel's representation fell below an objective standard of reasonableness.'" Lafler v. Cooper, 566 U.S. 156, 163 (2012) (quoting Hill v. Lockhart, 474 U.S. 52, 57 (1985)). "[C]ounsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment,'" and courts should indulge in a "'strong

presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'"  Burt v. Titlow, 571 U.S. 12, 22 (2013) (quoting Strickland, 466 U.S. at 689-90).

"To establish Strickland prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  Lafler, 566 U.S. at 163 (quoting Strickland, 466 U.S. at 694).  "In assessing prejudice under Strickland, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently."  Harrington, 562 U.S. at 111.  Rather, "Strickland asks whether it is 'reasonably likely' the result would have been different."  Id. (citing Strickland, 466 U.S. at 693).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.

### III. DISCUSSION

In her Report and Recommendation, Magistrate Judge Austin recommends granting Respondent's motion for summary judgment and dismissing King's petition.  (R&R 22, ECF No. 25.)  Specifically, Magistrate Judge Austin concluded that King's first six claims are procedurally defaulted and that his seventh claim is not cognizable in a § 2254 petition.  King raises a single specific objection in response to the Report and Recommendation: that the magistrate judge erred in concluding that Grounds One through Six are procedurally defaulted.[3] For the following reasons, this objection is without merit.

---

[3] Many of King's objections are unresponsive to the Report and Recommendation.  Objections to a report and recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  "To trigger de novo review, an objecting party 'must object to the

Absent a valid excuse, a state prisoner must first exhaust state remedies before seeking federal habeas relief.  28 U.S.C. § 2254(b)(1).  "To exhaust state remedies, the petitioner must fairly present the substance of his claim to the state's highest court."  Burket v. Angelone, 208 F.3d 172, 183 n.11 (4th Cir. 2000).  "The ground relied upon must be presented face-up and squarely.  Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."  Townes v. Murray, 68 F.3d 840, 846 (4th Cir. 1995) (internal quotation marks omitted).  Additionally, the same claim must be presented to all appropriate courts.  George v. Angelone, 100 F.3d 353, 362 n.10 (4th Cir. 1996).  If a claim has been presented to the highest court of the state on either direct or collateral review, regardless of whether the court actually addresses the issue, it is exhausted.  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Smith v. Digmon, 434 U.S. 332, 333-34 (1978) (per curiam).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default."  Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).  Procedural default can arise in two ways.  First, procedural default occurs when "a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal."  Id.  Second, a petitioner procedurally defaults a claim if he "fails to exhaust available state remedies and 'the court to which [he] would be required to present his claim[] in order to meet the exhaustion requirement

---

finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).  In the absence of specific objections, the court reviews only for clear error, Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), and need not give any explanation for adopting the report, Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

10

would now find the claim[] procedurally barred.'" Id. (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991)). A federal habeas court is barred from reviewing a procedurally defaulted claim unless the petitioner can show either "cause for the default and actual prejudice as a result of the alleged violation of federal law" or "that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

Turning first to Ground One, King argues that this claim is not procedurally defaulted because "once [he] had counsel he was prohibited from presenting any issues before the court, everything had to be presented by counsel." (Objs. 3, ECF No. 27.) There is no evidence that King was prohibited from presenting any issues in state court. In fact, King raised numerous claims himself, as evidenced by his pro se submission in his PCR action. (Ret. Ex. 2 (App'x 431-32), ECF No. 18-2.) Ground One was not raised at trial, on direct appeal, or in the PCR action. Thus, this claim is procedurally defaulted, and federal habeas review is barred unless King can demonstrate cause and prejudice.

Although the substance of Ground One is not entirely clear, it appears that King alleges that trial counsel was ineffective for striking two African American jurors and for failing to raise a Batson challenge.[4] In Martinez v. Ryan, 566 U.S. 1, 9 (2012), the Supreme Court recognized that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." To establish cause under Martinez, a petitioner must show that:

(1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim;
(2) the "cause" consisted of there being "no counsel" or only "ineffective"

---

[4] In Batson v. Kentucky, 476 U.S. 79, 89 (1986), the Supreme Court held that the State cannot discriminate on the basis of race in exercising peremptory challenges against prospective jurors in a criminal trial.

11

>counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

Trevino v. Thaler, 569 U.S. 413, 423 (2013) (emphasis omitted) (quoting Martinez, 566 U.S. at 14, 17). Because King cannot demonstrate that his underlying ineffective-assistance-of-counsel claim has "some merit," he cannot rely on Martinez to overcome his procedural default of Ground One. Martinez, 566 U.S. at 14 (stating that a claim is "substantial" if it has "some merit").

A defendant has the right to trial by a jury selected from a fair cross-section of the community. See Duren v. Missouri, 439 U.S. 357, 363-64 (1979). However, in order to state a prima facie violation of the fair cross-section requirement, a defendant must show, among other things, that the "underrepresentation is due to systematic exclusion of the group in the jury-selection process." Id. at 364. Thus, the mere fact that King's jury was comprised of all white individuals is not sufficient to show that his trial counsel should have asserted a Batson claim. In addition, King makes no allegation and provides no evidence of any affirmative discrimination by the prosecution or trial counsel. Chapman v. United States, No. CIV. WDQ-03-0301, 2008 WL 3896116, at *1 (D. Md. Aug. 19, 2008) ("Absent evidence of the Government's racial animus or racially tainted verdicts, Chapman has not shown that he was prejudiced by his counsel's alleged deficient performance."), aff'd, 593 F.3d 365 (4th Cir. 2010).

Moreover, trial counsel's decision to strike two African American jurors falls squarely within the type of strategic decisions that are "virtually unchallengeable." Strickland, 466 U.S. at 690; see United States v. Dhavamani, No. 20-4306, 2021 WL 4786614, at *2 (4th Cir. Oct. 14,

2021) (unpublished) ("Decisions as to when and how to use peremptory strikes are matters of trial strategy. "); Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995) ("Standing alone, unsuccessful trial tactics neither constitute prejudice nor definitively prove ineffective assistance of counsel."). King cannot show cause or prejudice to excuse his procedural default of this claim. Based on the foregoing, King's objection as it relates to Ground One is without merit.

As to Ground Two, King alleges that this claim should not be defaulted because appellate counsel was ineffective for failing to raise this issue on appeal. (Objs. 4, ECF No. 27.) King's second claim was raised by trial counsel. However, this claim is procedurally defaulted because appellate counsel did not raise it on appeal. Further, the Martinez exception does not apply to claims of ineffective assistance of appellate counsel. Davila v. Davis, 582 U.S. 521, 529 (2017) (declining to "extend *Martinez* to allow a federal court to hear a substantial, but procedurally defaulted, claim of ineffective assistance of appellate counsel"). Thus, there is no evidence of cause to excuse King's procedural default of Ground Two.

Concerning Grounds Three through Five, King submits that these claims are not procedurally defaulted because they were presented to the PCR court. (Objs. 5-8, ECF No. 27.) A review of the record reveals that these claims were not raised at trial, on appeal, or during the PCR action. Thus, this objection is without merit. To the extent, King is arguing that PCR counsel was ineffective for failing to raise these claims, the Martinez exception does not apply because "*Martinez* applies only to a prisoner's procedural default of a claim of ineffective assistance at *trial*." Banks v. Workman, 692 F.3d 1133, 1148 (10th Cir. 2012) (internal quotation marks omitted).

Lastly, other than generally alleging that Ground Six is not procedurally defaulted, King offers no support for his position. This claim was not raised at trial, on appeal, or during the PCR action. King offers no basis to support excusing the procedural default of this claim. Based on the foregoing, Grounds One through Six are procedurally defaulted, and there is no basis for excusing the procedural default.

### IV. Conclusion

After a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Austin's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Respondent's motion for summary judgment, docket number 19, is granted and King's § 2254 petition is dismissed. It is further

**ORDERED** that a certificate of appealability is denied because King has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.<br>
Senior United States District Judge

Greenville, South Carolina
November 8, 2023

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

14